```
E373SECC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  SECURITIES AND EXCHANGE
   COMMISSION,
4
                Plaintiff,
5
           v.                              14 MC 30 (P1)
6
   WALTER V. GERASIMOWICZ,
7
                Defendant.
8
   ------------------------------x
9                                          New York, N.Y.
                                           March 7, 2014
10                                         3:00 p.m.

11 Before:

12                    HON. JOHN G. KOELTL,

13                                         District Judge

14                          APPEARANCES

15 HOWARD A. FISCHER
   JOHN J. GRAUBARD
16      Attorneys for Plaintiff SEC

17
   WALTER V. GERASIMOWICZ
18      Pro Se Defendant

1              (In open court)
2              THE COURT:  This is SEC v. Dr. Gerasimowicz.  Will the
3     parties tell us who they are for the record, please.
4              MR. GRAUBARD:  John Graubard for Securities and
5     Exchange Commission.
6              MR. FISCHER:  Howard Fischer for the Securities and
7     Exchange Commission.
8              MR. GERASIMOWICZ:  Walter Gerasimowicz, pro se.
9              THE COURT:  This is the SEC's application for an order
10    under Section 20(c) of the Securities Act, and Section 21(e)(1)
11    of the Securities Exchange Act enforcing compliance with a
12    commission order.
13             So I'll listen to the commission first.
14             MR. GRAUBARD:  Thank you, your Honor.  The commission
15    entered a finality order on September 17, 2013, which ordered
16    the respondents, Dr. Gerasimowicz and two companies, to pay
17    disgorgement, prejudgment interest, and a civil penalty.  This
18    amount has not been paid.  The commission therefore is bringing
19    this as a summary proceeding to obtain a court order to enforce
20    the commission order.
21             Under established law, such as *Securities and Exchange*
22    *Commission v. Pinkas*, there are no defenses, merit defenses to
23    such an application.  If the respondent had wished to raise
24    those objecting to the order, that would have to have been
25    brought to the Court of Appeals under Section 25(a) of the

1  Exchange Act.
2              Basically very briefly, the respondents, while
3  represented by counsel before the commission, consented to an
4  order which found they had violated the securities laws and
5  making material misrepresentations by misappropriating and
6  misusing funds and otherwise violating the Advisers Act.
7              The only issue left open before the administrative law
8  judge was the amount of disgorgement and the civil money
9  penalty.  The administrative law judge made such a finding.
10 The respondents did not appeal that to the commission, did not
11 seek review from the Court of Appeals.  And therefore, we are
12 here asking that the Court enter that as an order.
13             We don't believe any of the defenses that were
14 asserted by Dr. Gerasimowicz are actually properly before the
15 Court, but we will respond to them on the merits if he should
16 raise them.
17             And again, the one case I did not cite in my papers
18 which is very relevant is the *Altman v. SEC* case, at 687 F.3d,
19 44.  Where the Second Circuit held basically that --
20             THE COURT:  687 F.3d.
21             MR. GRAUBARD:  44.  Second Circuit 2012.  District
22 courts do not have jurisdiction to review decisions of the
23 commission.  That is reserved to the Court of Appeals.
24 District courts only can enforce the decisions.  Thank you.
25             THE COURT:  All right.  Dr. Gerasimowicz.

1    MR. GERASIMOWICZ:  Yes, your Honor.  Again, I'm
2    representing myself in this proceeding pro se.  And the two
3    companies that are listed as defendants in addition to myself
4    are defunct and have been for at least two years.
5         I've seen the reply of the SEC to my answer, and the
6    memorandum of law which I attempted to read.  I also tried to
7    read the cases which were cited by the SEC.  And it was only a
8    few days ago that I received them, a 2-inch thick, maybe 3-inch
9    thick set of cases, and I'm uncertain how much I understand in
10   that.  I only received it a few days ago.  But to the best of
11   my ability, I would like to respond if I may.
12        THE COURT:  Of course.
13        MR. GERASIMOWICZ:  Before I do, however, I'd like to
14   clarify something that was in the reply memorandum of the SEC.
15        I'm born in this country and am a U.S. citizen.  I'm
16   not a foreigner, despite my Russian last name.  Two of the
17   cases the SEC has included seem to have something to do with
18   aliens and their rights which doesn't apply in my case.  *Romero
19   v. U.S. Immigration Service* and *Debeatham v. Holder*.  I don't
20   quite understand the relevance of that, or is this due to the
21   fact that I have a strange sounding last name.
22        I'm challenging the SEC --
23        THE COURT:  The answer to that is no.  Those cases
24   aren't being used to ask that any inference be drawn against
25   you because of your name, and the Court would never do that.

1           MR. GERASIMOWICZ:  Thank you.  I'm challenging the
2   SEC's request to enforce its order based on the fact, firstly,
3   that the administrative law judge and the hearing process was
4   highly unfair and prejudicial.  Secondly, I did not have a
5   chance to present and have my defenses heard.  And third, I did
6   not have an opportunity to request a waiver on the basis of my
7   complete lack of assets.
8           First, the ALJ process, the administrative law judge,
9   why do I view that it lacked fairness.  The SEC did not say
10  everything up front in their damages brief.  They left key
11  assertions out, which they put into their reply, knowing that
12  according to the rules, I would not be permitted to make a
13  sur-reply.  A fact that they knew, and that I didn't know.  And
14  they said a number of things in their reply which were simply
15  not true, and I never had a chance to challenge them based on
16  procedure.
17          The fact is, basically, they tricked me, and I feel
18  they tricked my attorney at the time.  If I had been given a
19  fair hearing and a chance to explain, I think the outcome would
20  have been different.
21          Now, in this proceeding, they are replying to the
22  sur-reply which I submitted as an exhibit.  In effect, they may
23  have reopened this possibility, and what I'd also like to do is
24  go to page seven if we could of the petitioner's reply
25  memorandum.  Paragraph B.

1   THE COURT:  What page?

2   MR. GERASIMOWICZ:  Page seven, please.

3   THE COURT:  Okay.

4   MR. GERASIMOWICZ:  In the second sentence, there is a false statement.  Specifically they assert that the investor funds which were invested in and used to purchase litigation assets from the bankruptcy estate of SMC Electrical Contracting Inc. should not be subject to disgorgement of such amounts.

9   Now, the fact is that I did not use investor funds in any way, shape or form to purchase litigation.  And that's a falsehood.  That money was borrowed, and it was borrowed by me personally in order to purchase that litigation.  And at the same time, to defend -- to bring claims against those who are at fault here.  It was a process of salvaging, and instead I was being hammered.

16   In essence, let me indicate, your Honor, that those were borrowed moneys, and those moneys themselves should not be disgorged.  They were not investor moneys in any way, shape or form.  This again is the second time that the SEC has made this claim, and they did not allow us to defend that in any way, shape or form.

22   These, quite frankly, let me continue.  As I say, they have reopened that.  Secondly, I believe and previously my former attorney advised me that I have strong defenses against the SEC's decision, but I didn't have the opportunity to

1    present them.  My biggest defense is that I never received the
2    funds.
3             THE COURT:  I'm sorry, you never received?
4             MR. GERASIMOWICZ:  I never received the funds that the
5    SEC is ordering me to disgorge.  Disgorgement, as I understand
6    it, is supposed to be a method of forcing a defendant to give
7    up the amount by which he was unjustly enriched.  How can I
8    give up something I never received?
9             The SEC reply also mentions a case involving a person
10   called Contorinis that was in their paperwork and said it was
11   the same as my case.  My reading of it tells me it isn't the
12   same as my case whatsoever.  I read the summary that they
13   included.  This was about a man who did insider trading and
14   gave tips, he was a tipper to his family and friends.  He
15   didn't get rich, but his family members and a fund he owned
16   did.
17            My situation here is completely different.  The
18   investor funds that were lost in my case were not paid to me or
19   my family or to funds or companies that I owned.  They went to
20   third parties where I had no ownership at all.  In fact, these
21   funds were embezzled or stolen by other people who had
22   fiduciary duties to SMC, to that company.  And that's been
23   indicated now and set forth in several court filings that I am
24   pursuing against these parties.
25            I did not know what was occurring within that company,

1   I was defrauded, and at the same time, there was theft that
2   occurred here.  I'm a victim here as well.
3           I'm not saying that I didn't make mistakes, your
4   Honor.  But, the fact of the matter is, when I brought this to
5   the attention of Mr. Fischer, and indicated and asked him at
6   that time if we could have a tolling period to try to recover
7   money for investors, he replied, and this is when I presented
8   these facts, not opinion, to the SEC.  Mr. Fischer stated very
9   coldly and callously that that was my problem.  Not his.  That
10  the SEC doesn't care about investors, they only care about
11  punishment.  And those were his words.  I didn't know that was
12  an SEC policy until I heard them.
13          Now, again, I believe that I have strong defenses
14  against the SEC's decision.  But I didn't have the opportunity
15  to present them.  As I said, my biggest defense is that I never
16  received the funds the SEC is ordering me to disgorge.
17          Now, I understand now that the appeal process was
18  available to me in a pro se fashion.  But at the time, I
19  couldn't afford an attorney, and I did not believe that I could
20  appeal pro se.  I certainly would have appealed if I understood
21  how this process worked.
22          To be clear, I'm not claiming, also, that the
23  government should provide me with an attorney.  In spite of
24  what they've written in their papers, in their reply.  I would
25  just like an opportunity to state my case and my defenses in a

1    fair forum, even if I have to do it pro se.

2    Thirdly, I have no assets. I have no way of making a
3    living. And the administrative law judge never said that my
4    assets or the lack thereof could be a factor, and I was never
5    told about the waiver request process. Otherwise I would have
6    asked for one. I realized that submitting a waiver request is
7    no guarantee, but I would like a chance to at least try.

8    Right after receiving a copy of the SEC request, I
9    spoke to Mr. Graubard and told him I had no assets, and he
10   offered to discuss a settlement for a smaller sum or a payment
11   plan of some type. I had a conference call with him and
12   Mr. Fischer, and they told me they wouldn't even talk to me or
13   couldn't talk to me unless I accepted the order as is and then
14   let them put a lien on my home. That seems rather unfair to me
15   as well. If I had agreed to the order, it seems I would be
16   giving up any rights to challenge or appeal it.

17   In summary, I feel I've been subjected to an unfair
18   process and did not have a chance to defend myself. And I'm
19   requesting that your Honor reinstate the process so that I can
20   get the administrative law judge's decision and the SEC's
21   disgorgement order looked at by someone outside of the SEC if
22   possible. If that possibility is within your jurisdiction, I
23   would appreciate it.

24   Thank you for your attention, your Honor.

25   THE COURT: Thank you, Doctor.

1  MR. FISCHER:  Your Honor, if I may quickly, as I am
2  the Mr. Fischer to whom the defendant referred.  I would just
3  like to state for the record that Dr. Gerasimowicz's
4  recollection of our discussions are, to be charitable,
5  inaccurate.  They're inaccurate in terms of both the statement
6  as to what was said in those discussions with respect to the
7  SEC's attitude towards investors.  Secondly, they are
8  inaccurate because at least with defendant's counsel, the
9  subject of a waiver was discussed at great length, and was part
10 of those discussions and the pretrial procedures as well as in
11 the damages procedures and applications before the ALJ.
12 I can't obviously speak to what was communicated to
13 the defendant about those discussions, but the Court should be
14 assured that the remedy of a waiver was part of those
15 discussions and was discussed at some length.
16 MR. GERASIMOWICZ:  Your Honor, if I may just follow up
17 for one moment.  When those statements were made by
18 Mr. Fischer, there were others in the room who would attest to
19 that.
20 THE COURT:  All right.  Mr. Graubard.
21 MR. GRAUBARD:  Yes, your Honor.  I basically, the
22 issue here is whether this Court has jurisdiction to hear the
23 objection about the amount of disgorgement.  Our position is it
24 does not.
25 We're not saying that, for example, that

1  Dr. Gerasimowicz could not possibly go back to the commission
2  and ask for it to hear a late appeal.  I don't know if that's
3  possible.  But, the point is that once the time ran for seeking
4  judicial review from the Court of Appeals, he does not have a
5  method of obtaining judicial review of the commission decision,
6  unless the commission were to reopen it.  And I'm not passing
7  on whether that could or could not occur, because that is
8  something we would not be dealing with at this level.
9              Otherwise, the only thing I would add is under the
10 Contorinis decision of February 18, the point of that decision
11 is not whether it was insider trading or misappropriation or
12 offering fraud, it is that the amount of disgorgement does not
13 have to equal the amount that the defendant personally
14 obtained.  It is the basically the amount that the investors
15 lost.  And that's what we're seeking to disgorge from whomever
16 was responsible for the loss.  Thank you.
17             THE COURT:  A couple of questions.  In your papers,
18 you seem to ask for prejudgment interest on disgorgement.  You
19 also seem to ask for interest on the civil penalty.  But the
20 order from the commission didn't seem to provide for interest
21 on the civil penalty.
22             MR. GRAUBARD:  No, the order from the commission does
23 not provide specifically for that.  That is found in 31, United
24 States Code, Section 3717, which is the statute which says when
25 a debt is owing to the United States, the agency may ask for

1  interest.  The disgorgement interest is provided by Rule 600 of
2  the commission's rules and practice.
3          THE COURT:  The order from the commission was based on
4  the violation of the Securities Act, violation of the
5  Securities Exchange Act, and violation of the Investment
6  Advisers Act.
7          MR. GRAUBARD:  Yes, your Honor.
8          THE COURT:  The proceeding that you've brought before
9  me is based on the provisions for enforcement of orders under
10 the Securities Act and the Securities Exchange Act, but not
11 under the Investment Advisers Act.
12         MR. GRAUBARD:  That is because of the provision of the
13 Securities Act 20(c) applies to violations of that act.  21(e)
14 of the Exchange Act applies both to the Exchange Act and to any
15 other provision of the federal securities laws.  The Advisers
16 Act, the Investment Company Act, so it would take in
17 everything.  It wasn't repeated for the other chapters.
18         Historically, the Securities Act was originally
19 administered by the Federal Trade Commission.  The Securities
20 and Exchange Commission was created by the Exchange Act.
21 That's why there is duplication between the two.
22         THE COURT:  That is your authority for the Investment
23 Advisor --
24         MR. GRAUBARD:  Yes, 21(e) says a violation of any part
25 of the Securities Act.

1      THE COURT:  Okay.  The damages award action,
2 disgorgement, and the damages award were not divided up in any
3 way between the three acts, right?
4      MR. GRAUBARD:  It was not -- not in the finality
5 order.  If you were to parse the decision of the administrative
6 law judge, she did break it down by various violations.
7 Whether it was misappropriation or misstatements or other
8 violations.  It could be broken down that way, but it was not
9 for the purpose of the finality order.
10      THE COURT:  Could it be broken down even as to the
11 Investment Advisers Act as opposed to the Rule 10b-5?
12      MR. GRAUBARD:  Yes, it could.  Again, she did deal
13 with each as a separate item, so it could be broken down for
14 that purpose.
15      MR. FISCHER:  Your Honor, as the trial counsel on the
16 case, the acts that were the subject of the proceeding could
17 independently, well -- could -- did and were found to have
18 independently violated each of the various securities claims.
19 So if we had brought just the 206 case, just the 17(a) case or
20 just the 10-b case, the disgorgement amount would have been the
21 same whether it was one, two, or three separate statutes.
22      THE COURT:  Similarly, the civil penalty?
23      MR. FISCHER:  Yes.
24      MR. GRAUBARD:  The civil penalty was imposed by the
25 administrative law judge on a per investor basis.  So she

E373SECC

1  didn't multiply violations.  She just said this is the penalty
2  for each investor, and I'm multiplying it by the number of
3  investors.  So it would not matter in that case where she found
4  the violation.
5          THE COURT:  Okay.  That answers all of my questions.
6  I'll take the matter under advisement.  Thank you all.
7          MR. GRAUBARD:  Thank you.
8          MR. GERASIMOWICZ:  Thank you.
9                              o0o