**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**SECURITIES AND EXCHANGE COMMISSION,**

                 **Petitioner,**        **14 MC. 30 (JGK)**

       - against -                 **OPINION AND ORDER**

**WALTER GERASIMOWICZ, ET AL.,**

                 **Respondents.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, the Securities and Exchange Commission ("SEC"), seeks an order enforcing a final SEC order (the "Final Order") against Respondents Walter Gerasimowicz, Meditron Asset Management, LLC ("MAM"), and Meditron Management Group, LLC ("MMG"), (collectively, "Respondents").  In administrative proceedings, the SEC found that the Respondents violated federal securities laws by engaging in fraudulent conduct that caused significant losses to investors.  In its Final Order, the SEC required that the Respondents pay disgorgement, jointly and severally, in the amount of $3,143,029.41 plus prejudgment interest.  The Final Order also requires that the Respondents pay a civil money penalty, jointly and severally, in the amount of $1,950,000.00.

    The SEC seeks enforcement of its Final Order pursuant to Section 20(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e)(1) of the

Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78(e)(1). This Court has jurisdiction pursuant to Section 20(c) of the Securities Act and Section 21(e) of the Exchange Act.

I.

The following facts are undisputed, unless otherwise indicated.

Respondent Gerasimowicz is a New York resident, and was the Chairman, Chief Executive Officer, and Chief Compliance Officer of MAM, and the sole owner of MMG. (SEC Application for Order Enforcing Compliance with Commission Order ("Application") ¶ 3.) Respondent MAM is a New York limited liability company with its principal place of business in New York, and Respondent MMG is a Delaware limited liability company with its principal place of business in New York. (Application ¶¶ 4-5.)

The SEC initiated administrative proceedings against the Respondents on September 14, 2012. (Application, Ex. 1 ("Order Instituting Administrative Proceedings").) In the administrative proceedings, the SEC alleged that the Respondents had violated several federal securities laws, namely: Section 17(a) of the Securities Act; Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 (the

2

"Advisers Act") and Rule 206(4)-8 promulgated thereunder. (Order Instituting Administrative Proceedings at 9.)  The SEC sought, to the extent appropriate, orders requiring that the Respondents cease and desist from any unlawful activity, and that the respondents pay disgorgement and civil money penalties. (Order Instituting Administrative Proceedings at 10.)

After submitting an Offer of Settlement, the Respondents consented on May 3, 2013 to entry of an order (the "Consent Order") that made findings of fact and imposed monetary sanctions in an amount to be determined in subsequent proceedings.  (Application, Ex. 2 ("Consent Order") at 2, 10.) In the Consent Order, the SEC found that the Respondents had willfully violated the charged provisions of the Securities Act, the Exchange Act, and the Advisers Act.  (Consent Order at 9.) The SEC also found that Gerasimowicz had willfully aided and abetted and caused MAM's and MMG's violations of the Securities Act, the Exchange Act, and the Advisers Act.  (Consent Order at 9.)

More specifically, the Consent Order found that the Respondents misappropriated and misused the funds of Meditron's Fundamental Value/Growth Fund (the "Meditron Fund"), and misrepresented or failed to disclose to investors significant deviations from the Meditron Fund's stated investment strategy and disclosed valuation policy.  (Consent Order at 2.)  The

3

Consent Order also found that Gerasimowicz and MAM failed to disclose a material conflict of interest, that Gerasimowicz misrepresented MAM's regulatory assets under management, and that MAM, aided and abetted by Gerasimowicz, violated the custody rule applicable to registered investment advisers by failing to distribute to investors annual audited financial statements within the prescribed time periods.  (Consent Order at 2-3.)

The Consent Order directed the Respondents to cease and desist from committing or causing any ongoing or future violations.  (Consent Order at 10.)  In the Consent Order, the Respondents agreed to pay disgorgement and civil penalties pursuant to the federal securities laws that they had violated.  (Consent Order at 10.)  The amount of disgorgement and civil penalties for which the Respondents were to be jointly and severally liable was to be established through further proceedings.[1]  (Consent Order at 10.)

---

[1] The Consent Order also contains several provisions specific to particular respondents.  For example, the Consent Order precludes Gerasimowicz from associating with various investment professionals, including brokers, dealers, advisers, municipal securities dealers, municipal advisors, transfer agents, and nationally recognized statistical rating organizations.  (Consent Order at 10.)  The Consent Order also precludes Gerasimowicz from serving or acting as an employee, officer, director, member of an advisory board, investment adviser, or depositor of, or principal underwriter for, a registered investment company or individuals affiliated with such an investment advisor, depositor, or principal underwriter.

The Consent Order contains various provisions limiting the Respondents' right to challenge the Consent Order in proceedings to determine the Respondents' total liability.  For example, the Consent Order provides that, in the SEC proceeding on damages, the Respondents were precluded from arguing that they did not violate the federal securities laws described in the Consent Order, were precluded from challenging the validity of the Consent Order, and were precluded from challenging the findings of fact made in the Consent Order.  (See Consent Order at 10.)  Additionally, the Consent Order provides that the Administrative Law Judge adjudicating the damages proceeding may decide the matter based on affidavits, declarations, sworn depositions, or investigative testimony and documentary evidence.  (See Consent Order at 10.)

Briefing on the damages that the Respondents owed pursuant to the Consent Order began when the SEC Enforcement Division filed its brief on May 6, 2013.  (Gerasimowicz Answer ("Answer") ¶ 4.)  After the Respondents responded on May 17, 2013, the SEC filed its reply on May 31.  (Answer ¶ 5.)  Thereafter, the Respondents filed a sur-reply, addressing what they describe as false statements and assertions made in the SEC's reply brief.  (Answer ¶ 6.)  In their sur-reply, the Respondents also argued

---

(Consent Order at 11.)  Finally, the Consent Order censures MAM.  (Consent Order at 11.)

5

that they could not be compelled to disgorge sums that they never received or had possession of.  (Answer ¶ 11.)  The SEC moved to strike the Respondents' sur-reply and the Administrative Law Judge granted that request.  (Reply Declaration of John J. Graubard ("Graubard Decl."), Ex. 6.)

On July 12, 2013, the Administrative Law Judge issued an initial decision imposing disgorgement on the Respondents, jointly and severally, in the amount of $3,143,029.41 plus prejudgment interest, and a civil money penalty on the Respondents, jointly and severally, in the amount of $1,950,000.00.  (Application, Ex. 3 ("Initial Order") at 8.)

The Respondents did not seek review of the Administrative Law Judge's Initial Order.  (Application ¶ 18.)  Accordingly, the SEC issued its Final Order on September 17, 2013.  (Application, Ex. 4 ("Final Order").)  Pursuant to Section 25(a) of the Exchange Act, 15 U.S.C. § 78y(a), the Respondents were permitted to seek judicial review of the SEC's Final Order in an appropriate United States Court of Appeals within sixty days of the entry of the Final Order.  However, the Respondents did not pursue judicial review of the SEC's Final Order within the prescribed time-limit.  (Application ¶ 19.)

To date, the Respondents have not complied with the SEC's Final Order requiring them to pay disgorgement, prejudgment interest, and the civil money penalty.  (Application ¶ 21.)  As

a result, the SEC initiated this proceeding to enforce their Final Order.

## II.

Under Section 20(c) of the Securities Act and Section 21(e)(1) of the Exchange Act, the SEC may petition a district court for an order requiring that parties comply with an SEC order.  See 15 U.S.C. §§ 77t(c), 78u(e)(1); see also S.E.C. v. Vindman, No. 06 Civ. 14233, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007).  Section 20(c) of the Securities Act provides in relevant part that "[u]pon application of the [SEC], the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the Commission made in pursuance thereof."  15 U.S.C. § 77t(c).  Similarly, Section 21(e)(1) of the Exchange Act provides that "[u]pon application of the [SEC] the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding . . . any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder."  15 U.S.C. § 78u(e)(1).

In this case, Respondent Gerasimowicz argues that a district court order enforcing the SEC's Final Order is inappropriate for several reasons.  First, Gerasimowicz argues

that the Final Order was incorrectly decided.  According to Gerasimowicz, the Administrative Law Judge erred in requiring that he disgorge funds that he did not divert to himself, and in requiring him to pay disgorgement, prejudgment interest, and civil penalties in excess of his means.

The merits of the ALJ's decision cannot be reviewed in this proceeding.  Gerasimowicz's substantive objections cannot provide a basis for refusing the SEC's request for an enforcement order because litigants are precluded from challenging the validity of SEC orders in enforcement proceedings initiated pursuant to Section 20(c) of the Securities Act and Section 21(e)(1) of the Exchange Act.  See S.E.C. v. Pinchas, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006) ("To the extent defendant asks this Court to reconsider the propriety of the . . . action taken by the SEC . . . , such re-examination is precluded by the administrative regime explicitly mandated by Congress."); see also S.E.C. v. McCarthy, 322 F.3d 650, 658 (9th Cir. 2003) ("By the time a § 21(e) application is filed by the [SEC], the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order.").  This is so because "[f]inal orders of the Commission are reviewable only in the United States Courts of Appeals."  Pinchas, 421 F. Supp. 2d at 783 (citations and internal quotation marks omitted); see also 15 U.S.C. §§ 77i(a),

8

78y(a) (conferring exclusive jurisdiction over appeals from SEC final orders entered pursuant to the Securities Act and Exchange Act on the United States Courts of Appeals); Altman v. S.E.C., 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) (recognizing that Courts of Appeals have exclusive jurisdiction over the appeals initiated by those aggrieved by SEC orders) aff'd, Altman v. S.E.C., 887 F.3d 44 (2d Cir. 2012) (per curiam).

Whatever the merits of Gerasimowicz's substantive objections to the Administrative Law Judge's Final Order, they are beyond the jurisdiction of a district court conducting an enforcement proceeding under the Securities Act and the Exchange Act.  See Vindman, 2007 WL 1074941, at *1; Pinchas, 421 F. Supp. 2d at 783; see also McCarthy, 322 F.3d at 658; S.E.C. v. Cobalt Multfamily Investors, I, LLC, No. 06 Civ. 2360, 2011 WL 4889093, at *2 n.2 (S.D.N.Y. Oct. 13, 2011).  Accordingly, Gerasimowicz's argument that an enforcement order should not issue because the Administrative Law Judge made substantive errors in adjudicating the issue of damages is beyond the jurisdiction of this Court to decide.

Gerasimowicz next contends that an order enforcing the SEC's Final Order is inappropriate because he did not have an opportunity to appeal the SEC's Final Order.  Gerasimowicz represents that he was unable to appeal the SEC's Final Order because he could not afford to compensate his attorney for such

9

an appeal.  However, Gerasimowicz's inability to retain counsel for purposes of appeal does not in any way affect the validity of the SEC's Final Order because Gerasimowicz had no right to counsel on appeal.  See Berrios v. New York City Housing Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("A party in a civil case has no constitutionally guaranteed right to the assistance of counsel."); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984) ("In non-criminal cases federal courts have the authority to appoint counsel, but generally they are not required to do so."); see also SEC v. Prater, 296 F. Supp. 2d 210, 218 (D. Conn. 2003).

Gerasimowicz also represents that he did not appeal pro se because his attorney did not advise him that the decision of the SEC's Administrative Law judge could be appealed pro se. Additionally, Gerasimowicz argues that his attorney failed to advise him that various civil liabilities could be waived in light of his financial circumstances.

These arguments are ostensibly arguments that Gerasimowicz's counsel was ineffective.  However, ineffective assistance of counsel does not provide a basis for relief in civil actions like this one, where the respondent has no right to counsel.  See Commercial Union v. Lord, 224 F. App'x 41, 43 (2d Cir. 2007) (summary order) (citing United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981)); see also Pasqualini v.

10

MortgageIT, Inc., 498 F. Supp. 2d 659, 669 (S.D.N.Y. 2007) ("[I]t is well-established that the . . . right to effective assistance of counsel does not apply in civil actions. . . .").[2] Rather, the Respondents must raise any objections to their attorney's performance in a separate malpractice proceeding. James v. U.S., 330 F. App'x 311, 313 (2d Cir. 2009) (summary order) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 396 (1993) ("[In civil cases,] clients must be held accountable for the acts and omissions of their attorneys.")); see also Flemming v. Velardi, No. 02 Civ. 4113, 2008 WL 4891240, at *1 (S.D.N.Y. Nov. 12, 2008) ("[S]ince there is no constitutional or statutory right to effective assistance of counsel in civil cases, [the litigant's] sole remedy is a malpractice suit against his attorney." (internal citations omitted)). For these reasons, Gerasimowicz's argument that an enforcement order should not be entered because his counsel was ineffective is without merit. Respondent Gerasimowicz has not offered any valid defense to the enforcement of the SEC's Final

---

[2] Ineffective assistance of counsel may provide grounds for relief in a limited number of civil proceedings in which litigants have a right to counsel, including, for example, civil removal or exclusion proceedings, see Debeatham v. Holder, 602 F.3d 481, 484-85 (2d Cir. 2010) (per curiam); Romero v. United States I.N.S., 399 F.3d 109, 112 (2d Cir. 2005), and civil contempt proceedings in which a defendant's liberty is at stake, see, e.g., Close-Up Intern., Inc. v. Berov, 474 F. App'x 790, 792, 796 (2d Cir. 2012) (summary order).

Order.  Accordingly, the SEC's petition for an order enforcing the Respondents' compliance with its Final Order is **granted.**

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the SEC's petition for an order requiring that the Respondents comply with its Final Order dated September 17, 2013 is **granted.**  The SEC should submit a proposed judgment by **March 28, 2014.**  The Respondents may submit a counter-judgment by **April 4, 2014.  The Clerk is directed to close Docket No. 1.**

**SO ORDERED.**

**Dated:    New York, New York
           March 25, 2014**                   _____/s/_____
                                               **John G. Koeltl
                                        United States District Judge**