**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------

**SECURITIES AND EXCHANGE COMMISSION,**

                Petitioner,        14 MC. 30 (JGK)

      - against -               **MEMORANDUM OPINION AND ORDER**

**WALTER GERASIMOWICZ, ET AL.,**

                Respondents.
--------------------------------------

**JOHN G. KOELTL, District Judge:**

In its Opinion and Order dated March 25, 2014, the Court granted the SEC's petition for an order requiring that the respondents comply with an SEC Final Order dated September 17, 2013 and requiring that the respondents pay disgorgement, prejudgment interest, and a civil money penalty, as a result of several violations of federal securities laws.  The Court ordered that the SEC submit a proposed judgment and that the respondents submit a proposed counter-judgment.

On March 28, 2014, the SEC submitted its proposed judgment. The respondents have not submitted a counter-judgment, but instead ask that the Court stay entry of judgment pending the SEC's review of the respondents' pending Motion for Permission to File Late Petition for Review, filed with the SEC on March 18, 2014.

The respondents' application for a stay is **denied**.  The respondents have not identified any basis for their application.

Even construing the pro se respondents' papers to raise the strongest arguments that they suggest, see, e.g., Young v. New York City Dep't of Educ., No. 09 Civ. 6621, 2010 WL 2776835, at *5 (S.D.N.Y. July 13, 2010); see also Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir. 2003) (per curiam) (applying same principle on appeal), the respondents have made no showing that they are likely to succeed on any appeal or that the public interest supports a stay, see Nken v. Holder, 556 U.S. 418, 433-34 (2009) (applying traditional four-factor test for assessing merits of application for stay and noting that "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion"); see also S.E.C. v. Finazzo, No. M-18-304, 2008 WL 1721517, at *2 (S.D.N.Y. Apr. 11, 2008) (applying traditional four-factor test for assessing merits of application for stay under Federal Rule of Civil Procedure 62 and noting that party requesting stay "[bears] the burden of establishing a favorable balance of the[] factors" (citation and internal quotation marks omitted)); In re Albicocco, No. 06 Civ. 3409, 2006 WL 2620464, at *1 (E.D.N.Y. Sept. 13, 2006) ("The party seeking a stay pending appeal bears the burden of proving an entitlement to the stay.").

    The Court will enter the SEC's proposed judgment, which appropriately orders that the respondents comply with the terms of the SEC's Final Order dated September 17, 2013, and

additionally requires that the respondents pay interest on the civil money penalty in accordance with 31 U.S.C. § 3717.  The respondents may seek a stay of the judgment from the Court of Appeals, or may seek to have the SEC defer enforcement of the judgment.

**SO ORDERED.**

**Dated:    New York, New York**
**         April 21, 2014**                _____/s/_____
                                            **John G. Koeltl**
                                      **United States District Judge**